THOMAS BURKE HANLEY, APPELLANT, v. SHERIFF OF CLARK COUNTY, NEVADA, RESPONDENT.

No. 5911

November 4, 1969                    460 P.2d 162

*Harry E. Claiborne* and *Albert M. Dreyer,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *Alan R. Johns,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

Following a preliminary examination, Thomas Burke Hanley was ordered to stand trial in the district court for the murder of Ralph Howard Alsup. The evidence produced at that examination supports a reasonable inference that Hanley aided and abetted another to kill Alsup. NRS 195.020; Hanley v. State, 85 Nev. 154, 451 P.2d 852 (1969). Notwithstanding this fact, it is Hanley's contention that he is illegally restrained of his liberty and cannot constitutionally be compelled to stand trial in the district court since some of the testimony offered at the preliminary examination by the State

was false and perjured and the State knew it. This contention together with supporting authorities [Miller v. Pate, 386 U.S. 1 (1966); Napue v. Illinois, 360 U.S. 264 (1959); Alcorta v. Texas, 355 U.S. 28 (1957)] was presented to the district court by a petition for habeas corpus. That court denied habeas relief and this appeal followed. We affirm the district court.

1. Due process forbids the state from deliberately misrepresenting the truth, and a conviction that rests in part upon such false evidence must be set aside. Miller v. Pate, supra. Equally offensive is an instruction by the prosecutor to his witness to withhold significant evidence favorable to the accused. When that evidence is not revealed, the conviction cannot stand. Alcorta v. Texas, supra. If the state knows that its witness has testified falsely on a point relevant to the credibility of that witness, and fails to correct that falsehood, the conviction is constitutionally infirm. Napue v. Illinois, supra.

The mentioned standards of fairness apply to the trial of a criminal case. Although a preliminary examination is not a trial [State v. Fuchs, 78 Nev. 63, 368 P.2d 869 (1962)], we think that the same standards are applicable at that stage of the prosecution.

In the cited United States Supreme Court cases the prosecution knew of the wrong and willfully participated in it. In the case at hand the record does not establish such knowledge. For this reason, those cases are inapposite.

It is not useful to recite the evidence to which the petitioner refers. A witness for the State testified in detail about Hanley's participation in the murder of Alsup. Following the preliminary examination he recanted and stated that all of his prior testimony was false. One cannot discern whether he told the truth originally or later. In any event, there is nothing in the record from the prosecution to show that it knowingly offered false testimony. Such evidence was present in the cited United States Supreme Court cases. We shall not infer such knowledge in the prosecution from the testimony of the recanting witness alone.

Affirmed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.