FREDDIE MARTIN WALKER, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 11339

May 27, 1981                          628 P.2d 680

*Heaton and Wright,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert
J. Miller,* District Attorney, and *James Tufteland* and *Gary
Weinberger,* Deputy District Attorneys, Clark County, for
Respondent.

## OPINION

*Per Curiam:*

A jury convicted appellant Walker of first degree murder.
On appeal, appellant contends that the prosecution's failure to
reveal a plea bargain agreement with a key witness, one
Thomas, denied appellant due process of law. We agree.

Appellant had informed the police that another man, whom
he identified as perpetrating the crime, had sold the murder
weapon to Thomas. The police found the gun in Thomas' pos-
session, but Thomas asserted that appellant, rather than the
man named by appellant, had sold him the weapon. Thomas'
attorney then negotiated a plea bargain agreement to the effect
that, if Thomas were later convicted on certain other criminal
charges, the State would recommend probation for Thomas. In

sum, by testifying against appellant, Thomas not only avoided any charges arising from the murder in question, but also avoided the possibility of imprisonment on the other unrelated felony charges.

At appellant's trial, Thomas testified pursuant to his counsel's advice, asserting that he had purchased the murder weapon from the appellant, rather than from the person appellant identified. On cross-examination, Thomas admitted that a felony charge was pending against him; however, he denied the existence of a plea bargain agreement with the district attorney's office. The State asserts that Thomas' answers on cross-examination were not perjurious, because neither his attorney nor the district attorney had disclosed the agreement to him. However, it is clear the prosecutor knew that Thomas' testimony was not true, and that a plea bargain agreement in fact existed.

In Davis v. Alaska, 415 U.S. 308 (1974), the Supreme Court declared:

> The partiality of a witness is subject to exploration at trial, and is "always relevant as discrediting the witness and affecting the weight of his testimony." 3A J. Wigmore, Evidence § 940, p. 775 (Chadbourn rev. 1970). We have recognized that the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination.

*Id.*, at 316-17. This court has declared that, "[i]f the state knows that its witness has testified falsely on a point relevant to the credibility of that witness, and fails to correct that falsehood, the conviction is constitutionally infirm." Hanley v. Sheriff, 85 Nev. 615, 617, 460 P.2d 162 (1969).

Here, the prosecution knew that its key witness had testified falsely, although perhaps unwittingly, on a point highly relevant to his credibility. Nonetheless, the prosecution failed to correct that falsehood. Therefore, appellant's conviction is constitutionally infirm.

Reversed and remanded for a new trial.